[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11301
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00051-JES-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENIN MARTINEZ-ALVARADO,

Defendant-Appellant.

_____

No. 19-11309
Non-Argument Calendar

_____

D.C. Docket No.  2:18-cr-00036-JES-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENIN MARTINEZ-ALVARADO,
a.k.a. Lenin Alvarado-Martinez,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(October 25, 2019)

Before MARCUS, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lenin Martinez-Alvarado ("Alvarado") appeals his 54-month total sentence for illegal re-entry into the United States and violation of his supervised release. On appeal, Alvarado argues that the sentences are substantively unreasonable because the district court did not appropriately weigh his personal history, circumstances, and criminal history in determining the sentences' length and in running the sentences consecutively. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The

2

district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  Pugh, 515 F.3d at 1191-92.  A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  Id. at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting Pugh, 515 F.3d at 1191).

We consider as indicators of reasonableness whether the sentence is well below the statutory maximum and whether it falls within the guideline range. See United States v. Nagel, 835 F.3d 1371, 1377 (11th Cir. 2016) (holding a sentence was substantively reasonable because it was below the statutory maximum); United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (affirming a within-guideline sentence because sentences within the guideline range are expected to be reasonable). In addition, the Guidelines advise that any term of imprisonment based on the revocation of supervised release shall be consecutive to any sentence the defendant is serving. U.S.S.G. § 7B1.3(f).

Here, Alvarado has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence. At the sentencing hearing -- which dealt both with Alvarado's illegal re-entry offense and the violation of his supervised release -- the district court considered the personal struggles that Alvarado highlighted, including his economic motivations, back problems, and alcohol abuse, in conjunction with the other § 3553(a) sentencing factors, including the need to deter Alvarado and others from illegal re-entry and to provide just punishment. The court acknowledged that Alvarado had accepted responsibility and that a number of

his convictions were not serious, but the court balanced those offenses against his repeat removal and re-entry violations, concluding that the need to deter and provide just punishment outweighed the lesser offenses. As for its decision to run the sentences consecutively, the court weighed Alvarado's argument against the guideline's range and policy statements, ultimately following § 7B1.3(f) and running the sentences consecutively. Notably, the court's revocation sentence was lower than the Bureau of Prison's recommendation, and both sentences were within the guideline's range and below the statutory maximum. Nagel, 835 F.3d at 1377; Hunt, 526 F.3d at 746. On this record, we cannot say that district court imposed a substantively unreasonable sentence, and we affirm.

**AFFIRMED**.